|  |  |
|---|---|
| Yingzhi C. Zhang, | No. CV 04-1185-PHX-ROS (ECV) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Corrections Corporation of America, et al., |  |
| Defendants. |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pending before the Court is Plaintiff's Motion for the Appointment of Counsel (Doc. #50). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

Here, Plaintiff fails to argue that the circumstances of his case satisfy the standards for appointment of counsel. He presents nothing to show that his case is likely to succeed on the merits or that exceptional circumstances exist requiring appointment of counsel.

1  Having failed to satisfy the legal standards, Plaintiff's request for appointment of counsel will
2  be denied.
3  **IT IS THEREFORE ORDERED:**
4  That Plaintiff's Motion for the Appointment of Counsel (Doc. #50) is **denied**.
5  DATED this 24th day of October, 2005.

Edward C. Voss
United States Magistrate Judge